HAZEL, District Judge.
This is a review of the decision by Referee Peckham, which applies to both the above-entitled cases, holding that no express trust of which the bankrupts were beneficiaries was created by the last will and testament of Richard J. McKay, deceased, and that, accordingly, the income and profits of a certain fund passed to the trustee in bankruptcy. The single question submitted by the certificate is whether by said probated will an express trust was created for the individual benefit of the bankrupts. Counsel for the trustee relies upon the proposition that there was no express trust, because the essential elements of a trust relationship are not found in the transaction in question. The record shows that Amelia E. McKay and John J. McKay were adjudicated voluntary bankrupts upon their separate petitions on the 23d of February, 1901, and in the usual *672 course of proceeding the subject-matters were referred to the referee. Thereafter Horton A. Ostrander was appointed trustee of the estate of both bankrupts. The material facts are these: The testator bequeathed to Amelia E. McKay, his wife, and John J. McKay, his son, the use of the sums of $15,000 and $10,000, respectively, for and during the term of their natural lives (the principal in certain contingencies to be paid to the heirs of said John J. McKay), and provided for the payment to them of .the income. The paragraph of the will under which the title to the trust fund is claimed to pass to the trustee reads as follows:
“Twenty-First. I hereby direct my executors hereinafter named to pay over to the Erie County Savings Bank at Buffalo, N. Y., within eighteen months after letters testamentary hereon shall he issued to them, all sums of money the income from or the use of which is herein bequeathed to any person and to take from said bank a certificate or certificates allowing the amount so received by said bank and the purpose to which the same is to be applied, and file such certificate or certificates with the surrogate of the county of Cattaraugus with their account of their proceedings as such executors. And I direct the said Erie County Savings Bank to pay the income and principal of the money so received by it, to the several legatees entitled thereto according to the terms of this will.”
The statute laws of New York and decisions construing them must govern and control the question under consideration. Dooley v. Pease, 180 U. S. 126, 21 Sup. 329, 45 L. Ed. 457; In re Baudouine, 101 Fed. 574, 41 C. C. A. 318. By Section 3 of the personal property law (Laws N. Y. 1897, p. 508, c. 417), it is expressly provided that the right of a beneficiary to compel performance of a trust and receive the income of personal property is inalienable. This provision of the statute has frequently been upheld, and ordinarily the rights and benefits granted cannot be assigned or transferred by the beneficiary or interfered with by a court of equity. Lent v. Howard, 89 N. Y. 169. Concededly, a judgment creditor in a suit in equity could reach the surplus income, if it were shown that such income exceeded the necessities of the beneficiaries and those relying upon them for support. Wetmore v. Wetmore, 149 N. Y. 520, 44 N. E. 169, 33 L. R. A. 708, 52 Am. St. Rep. 752. And that the rights of the testamentary trustee and the beneficiary are preserved, and not curtailed, by the bankrupt act, is clear from the decisions. In re Baudouine, supra. There, it was held that the testamentary trustees have a title or interest hostile to the trustee in bankruptcy of the beneficiary, “and, if they are entitled to be heard at all, they are entitled to contest his title as fully as though they were the equitable owners of the fund.” Hence a plenary action must be instituted by the trustee in bankruptcy to recover the surplus income of the trust estate as assets in bankruptcy. The language of the will requiring the issuance of a certificate of trust by the bank, showing the amount of the trust fund received and the purpose to which it was applicable, together with the manner of its disposition, is opposed to the establishment of a mere debtor and creditor relation between the bank and the beneficiary. The essential elements of a valid trust of personal property are found in the last will and testament of the testator, who designated a beneficiary, a trustee, and specified a fund for disposal. And if the trust had been accepted by the bank the title to the trust *673 fund would undoubtedly have 'passed. That the bank subsequently declined to accept the trust fund is unimportant, as a trust solemnly created will not fail because the designated trustee refuses to accept the relationship. Tiffany & Bullard on Trusts and Trustees, p. 2. Creditors cannot be heard to object, as they are presumed to know the extent of the responsibility of their debtors. Nichols, Assignee, v. Eaton, 91 U. S. 716-729, 23 L. Ed. 254.
The proposition that the will does not specifically direct the payment of the trust fund to the creditor out of the rents and profits of the testator’s real estate is completely answered by the fact that the trust relates to personal property, and therefore the provisions of section 76, subd. 3, Real Property Act (Laws N. Y. 1896, p. 571, c. 647), providing for the application of the rents and profits to the use of the beneficiary, is not strictly applicable. The will contains an unequivocal direction to pay the income to the cestui qui trust, and the principal, coming into the possession of the trustee, to the legatees therein mentioned. Leggett v. Perkins, 2 N. Y. 297; Lent v. Howard, supra. This, therefore, was a trust of personalty pure and simple; the title vesting in the trustte designated by the testator or the trustees appointed by the court. I «.m clearly of opinion that an express trust was created, and the trust fund, being inalienable, did not pass to the trustee in bankruptcy.
The question certified is answered in accordance with this opinion.