### SKILLIN v. MAGNUS et al.

(District Court, N. D. New York. September, 1907.)

1. BANKRUPTCY—SUIT BY TRUSTEE—JURISDICTION.

A District Court as a court of bankruptcy has jurisdiction of a suit by a trustee in bankruptcy of a corporation against a number of defendants to recover unpaid subscriptions to the stock of the corporation; such suit being one which could not have been maintained by the bankrupt.

2. CORPORATIONS—CONTRACT OF SUBSCRIPTION TO STOCK.

A provision of a contract of subscription to the preferred stock of a corporation that the subscriber shall receive as a bonus a certain amount of the common stock does not render his obligation to pay conditional, but that must be performed before the obligation to comply with such condition arises; nor does such provision, by the use of the word "bonus," render the contract illegal on its face, as in violation of a law of the state prohibiting corporations from issuing stock except for money or property.

In Equity. Suit to recover unpaid subscriptions to stock. On demurrer to bill.

Wetherhorn & Link, for demurrer.

Marshall S. Hagar, opposed.

HOUGH, District Judge. Under the ordinary rule that the bill of complaint must be taken most strongly against the demurrant, this demurrer must be overruled. So far as the jurisdiction of the court is concerned, while the decisions are hopelessly at variance, I am bound to follow the ruling of our Circuit Court of Appeals (In re Baudouine, 3 Am. Bankr. Rep. 651, 655, 101 Fed. 574, 41 C. C. A. 318), and inasmuch as this action in equity could not have been brought by the bankrupt, even though separate actions at law might have been maintained against these several defendants, to sustain the jurisdiction. So far as the merits of the contention expressed in the bill are concerned, it is, I think, true that (as contended by the complainant) this is not a conditional subscription. Whatever condition attached to the contract was subsequent, or, to put it in another way, the obligations of the parties to the agreement were successive. It was the duty of the several defendants to pay their subscriptions to the preferred stock, and not until they had done this were they entitled to receive the bonus of common stock. It follows that (apart from the corporation laws of New York) the defendants were and still are bound to pay the amounts of their several subscriptions, and that they cannot receive that for which they subscribed is no fault of the complainant herein, but presumably (in part at least) the fault of the defendants for not having made good their promise.

162 F.—44

The situation presented by the bonus agreement, in view of the laws of the state of New York, is not free from difficulty. But I do not think I am at liberty to infer from the use of the word "bonus" that the shares of common stock which were to constitute the bonus were to be issued without consideration and in flat violation of law. It is always presumed that the law is to be complied with, and it was a possible thing to validly issue the common stock, and yet with equal validity make it possible for the subscribers to preferred shares to get one share of each kind of stock for the par price of one kind. There is nothing on the face of the bill which shows that this would not have been done, and it is not, therefore, "presumptio juris et de jure" that the agreement was utterly unlawful and therefore unenforceable.

The demurrer is overruled, with costs, with leave to answer on payment of costs within 20 days from the entry of order hereon.