### In re MACFARLANE.

### HUNTER v. MACFARLANE.

· No. 6158.

Circuit Court of Appeals, Ninth Circuit. Dec. 22, 1930.

Rehearing Denied Jan. 26, 1931.

See, also, 45 F.(2d) 994.

Brobeck, Phleger & Harrison and Milton Newmark, all of San Francisco, Cal. (Philip S. Ehrlich, Edmond E. Herrscher, and Wm. Jas. Hayes, all of San Francisco, Cal., of counsel), for appellant.

W. F. Williamson, Ernest J. Torregano, and August B. Rothschild, all of San Francisco, Cal., for appellee.

Before RUDKIN and WILBUR, Circuit Judges, and NORCROSS, District Judge.

RUDKIN, Circuit Judge.

This is an appeal from an order or decree denying a petition for a turnover order in bankruptcy. The appellee was adjudicated a bankrupt in the court below, and the trustee of her estate petitioned the referee for an order decreeing that her equitable estate, or usufructuary interest, in certain property held in trust by testamentary trustees in the Hawaiian Islands, together with all right, title, and interest of the bankrupt in or to the rents, issues, and profits thereof, is a part of the bankrupt estate and subject to administration by the bankruptcy court. In view of the conclusion we have reached on the question of necessary parties, a comprehensive statement of facts is not deemed necessary. Suffice it to say that the appellee is a daughter of James Campbell, deceased, and a beneficiary under the terms of his will, which has been admitted to probate in one of the courts of the Hawaiian Islands. By the terms of the will, the estate is vested in trustees, who are directed by the will to pay semiannually to the appellee and other beneficia-

ries certain fixed portions of the rents, issues, and profits arising out of the trust property in their charge. It is expressly provided in the will, among other things, that:

"No beneficiary, devisee or legatee under this will shall have the power or authority to in anywise anticipate any of the rents, issues, profits, income, moneys or payments herein provided to be devoted or paid to him or her, or any part thereof; nor to alienate, convey, transfer or dispose of the same, or any interest therein or part thereof, in advance of payment; nor shall the same be involuntarily alienated by him or her, or be subject to attachment or execution, or to be levied upon or taken upon any process for any debts which any such beneficiary, devisee or legatee shall have contracted or shall contract; or in satisfaction of any demands or obligations which he or she shall incur."

It is not deemed necessary to define the nature of the trust, or the powers of the trustees under the will, further than to say that the trust is an active one, and that large powers and wide discretion are vested in the trustees during the continuance of the trust, which will not terminate for years to come. Under such circumstances, it seems hardly necessary to say that such a trust cannot be defeated at the suit of a stranger to which the trustees are not made parties. As said by Mr. Justice Miller in O'Hara et al. v. McConnell et al., 93 U. S. 150, 153, 23 L. Ed. 840:

"The legal title to the property in question was held by Fetterman, in trust for Mrs. O'Hara. The trust was not a naked or dry trust; for he was empowered, with her consent, to sell it, and reinvest the proceeds on the same trusts, or to mortgage it, and with the money so raised purchase other real estate.

"How the decree can clear the property of this trust without having the trustee before the court it is difficult to see. This was the object of the suit; but how can it be made effectual for that purpose in the absence of the person in whom the title is vested?"

Again, in McArthur v. Scott, 113 U. S. 340, 396, 5 S. Ct. 652, 670, 28 L. Ed. 1015, Mr. Justice Gray said: "A trustee who has large powers over the trust estate, and important duties to perform with respect to it, is a necessary party to a suit brought by a stranger to defeat the trust, and often sufficiently represents the beneficiaries."

The term "necessary parties to a suit in equity" has been defined as: "Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." Shields v. Barrow, 17 How. 130, 139, 15 L. Ed. 158; Barney v. Baltimore City, 6 Wall. 280, 284, 18 L. Ed. 825; Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 48, 30 S. Ct. 10, 54 L. Ed. 80; Niles-Bement Co. v. Iron Moulders' Union, 254 U. S. 77, 80, 41 S. Ct. 39, 65 L. Ed. 145.

Within that definition, the trustees here are necessary and indispensable parties, because no final decree can be entered without affecting their rights, or leaving the controversy in such condition that its final termination may be wholly inconsistent with equity and good conscience.

Section 859 of the Civil Code of California provides: "Where a trust is created to receive the rents and profits of real property, and no valid direction for accumulation is given, the surplus of such rents and profits, beyond the sum that may be necessary for the education and support of the person for whose benefit the trust is created, is liable to the claims of the creditors of such person, in the same manner as personal property which cannot be reached by execution."

An additional petition was filed under this section, praying that an order be made ascertaining and establishing the sum that may be necessary for the support of the bankrupt, and for other and further relief. It seems quite manifest to us that the provisions of this section only apply to trusts created to receive the rents and profits of real property situate in the state of California, if, indeed, it was within the competency of the Legislature to extend them to trusts created in other states, or in the Hawaiian Islands. It would also seem that the trustees under the will are necessary parties to a proceeding of this kind, as well as to the proceeding we have just considered.

For the reasons stated, the petitions were properly dismissed; but the dismissals should have been for want of necessary parties, not on the merits. The order will be so modified.

In view of the fact that the question of necessary parties was not raised in the court below, the affirmance will be without costs to either party in this court.