## STIEFEL v. 14TH STREET & BROADWAY REALTY CORPORATION.

### No. 329.

Circuit Court of Appeals, Second Circuit.
April 6, 1931.

Rehearing Denied April 20, 1931.

1042

Jasie & Solomon, of New York City (Daniel Levy and William Solomon, both of New York City, of counsel), for appellant.

David W. Kahn, of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

The plaintiff, a trustee in bankruptcy, sued the defendant to recover a deposit made by the bankrupt before petition filed, as security for the performance of the covenants of a lease, entered into between it, as lessee, and the defendant, as lessor. The plaintiff is a citizen of New Jersey; the bankrupt and the defendant are corporations organized under the laws of New York. The defendant moved before answer to dismiss the action because the District Court had no jurisdiction over it under section 23 of the Bankruptcy Act (11 USCA § 46); the bankrupt and the defendant both being citizens of New York. This being denied, it repeated the objection in its answer, alleging that it answered at all only because its motion had been overruled. When the cause came on for trial, it again moved to dismiss the action for the same reason, but the judge, feeling bound to follow the decision already made, "tentatively" denied the motion, and the defendant "tentatively" excepted, and "reserved" its right to except further. Nothing more appears in the bill of exceptions, the cause proceeded on the merits, and the Judge directed a verdict for the plaintiff. The first assignment of error is to the judge's "tentative" denial of the motion to dismiss.

It is of course plain that the bankrupt could not have sued the defendant in the District Court; the parties would have both been citizens of New York. Under section 23a of the Bankruptcy Act, 11 USCA § 46(a), the trustee stood in the bankrupt's position, and the court was equally without jurisdiction. Section 23b, 11 USCA § 46(b), however, provides that in cases of this kind a trustee may sue only in courts where the bankrupt might have sued, "unless by consent of the proposed defendant," and the question

has arisen whether this by implication gives jurisdiction to the District Court in case such consent is given. If section 23b affects substantive jurisdiction, as distinct from venue, section 23a appears to be redundant, for it adds nothing to what follows, and for this reason it was decided in Matthew v. Coppin, 32 F.(2d) 100 (C. C. A. 9), and Coyle v. Duncan Spangler Coal Co. (D. C.) 288 F. 897, that section 23b has nothing to do with jurisdiction, properly speaking. As much was said obiter in Lovell v. Isidore Newman & Son, 227 U. S. 412, 426, 33 S. Ct. 375, 57 L. Ed. 577; and McEldowney v. Card (C. C.) 193 F. 475, 480; and Bush v. Elliott, 202 U. S. 477, 483, 26 S. Ct. 668, 50 L. Ed. 1114, looks the same way. On the other hand, the opposite was held in Re White, 177 F. 194 (C. C. A. 7), and some of the language in Bardes v. Hawarden First Nat. Bank, 178 U. S. 524, 538, 20 S. Ct. 1000, 44 L. Ed. 1175, may perhaps be read as in accord. Without deciding the point, we may, however, assume arguendo that the defendant's consent would have conferred substantive jurisdiction here.

It was never given; indeed, it was refused. Objection to the jurisdiction was first taken by special motion, again in the answer, and finally at the trial. It is true that the defendant only "tentatively" excepted at that time, but this went as far as the court had ruled, and nothing more was then possible. The Judge's ruling was final, unless he changed his mind; he had said that he was bound to follow his predecessor, as he perhaps was, and since he never showed any disposition to reconsider, it would be absurd to impute any consent to the defendant because it did not bring up the question again. The record is an effective answer to any implication of consent arising from the defendant's contest of the cause upon the merits.

▌ It is true that in this court the point, though it is among the errors assigned, was not argued. But that makes no difference. As the cause stood in the District Court, when it was removed by the appeal, that court had no jurisdiction over it; the judgment was non coram judice, and the defendant's failure to press it in this court could have no effect there.

The judgment must be reversed, and the cause remanded, with instructions to dismiss for lack of jurisdiction. If the defendant chooses to consent to the jurisdiction of the District Court after remittitur, the point we have not decided will be raised. We have not passed upon it against that possibility, because it seems doubtful whether the defendant will wish to consent in any event. Moreover, in the light of the decisions we have cited, any jurisdiction so acquired must be doubtful at best; and both parties may well prefer to have the new trial, if there is to be one, take place in the state court, whose jurisdiction is not open to question.

Judgment reversed; cause remanded, with instructions to dismiss for lack of jurisdiction, unless the defendant consents in the District Court, in which event the question of jurisdiction is open for the decision of that court in the first instance.

### On Petition for Rehearing.

▌ The basis of the petition is that, until the defendant canceled the lease, the bankrupt could not reclaim the deposit; that, as the lease continued until after the trustee was appointed, the cause of action was the trustee's, and that jurisdiction depends upon his citizenship, not upon the bankrupt's. So far as we can see, the same reasoning would apply to a contract falling due after petition filed, or to a bond conditional upon a default then occurring. We do not so read section 23a (11 USCA § 46 (a). It touches "controversies * * * between trustees as such and adverse claimants concerning the property acquired or claimed by the trustees," and covers all controversies relating to such property, whether upon a cause of action arising before or after petition, so long as it "concerns" the bankrupt's property. We may ignore, section 23b (11 USCA § 46 (b) for the reasons already given in our first opinion.

McEldowney v. Card (C. C.) 193 F. 475, was quite different; the trustee was suing upon a contract made by him, for the sale of the bankrupt's property. The action could by no stretch be said to "concern" the bankrupt's property, and the language relied upon is to be read in connection with the facts. In Re Baudouine, 101 F. 574, we had before us a summary proceeding to compel a testamentary trustee to turn over to the trustee in bankruptcy the income of a trust made for the bankrupt, falling due after petition filed. All we decided was that summary proceedings would not lie, but we went further obiter, and said that the District Court might entertain a plenary suit under section 2, subdivision 7 (11 USCA § 11 (7). In spite of some uncertainties in expression we understand our argument to have been that section 23 comprehended only causes of action arising before petition filed, and that section 2 (7) covered all others. Bardes v. Hawarden Bank,

178 U. S. 524, 20 S. Ct. 1000, 44 L. Ed. 1175, overruled our conclusion, though it might still be true that section 23 was limited as we said. But Bardes v. Hawarden Bank was itself a suit to set aside a preference and a fraudulent transfer, and was therefore upon a cause of action on which the bankrupt could not have sued. Page 537 of 178 U. S., 20 S. Ct. 1000. It is true that it only decided that such a suit could not be brought in the District Court; but the discussion presupposed that jurisdiction depended upon section 23, and not upon the sections giving general jurisdiction to the Circuit Court. Thus it appears to us that all of the reasoning in Re Baudouine, by which we reached our erroneous conclusion, must be treated as overruled. The case has not been the basis of any other decision except Judge Hough's in Skillin v. Magnus (D. C.) 162 F. 689, itself overruled in Kelley v. Gill, 245 U. S. 116, 38 S. Ct. 38, 62 L. Ed. 185. We can find no other case in which the question is discussed, though tenuous inferences may perhaps be drawn from the expressions in several of the decisions of the Supreme Court, which perhaps tend to support our view. The color they give is too faint to justify citation.

We adhere to our ruling that it is only when the trustee is suing upon a right not derivative from the bankrupt that jurisdiction depends upon his citizenship; in all cases directly arising out of the bankrupt's property, it is the bankrupt's citizenship that controls.

Petition denied.