## THUMMESS v. VON HOFFMAN.
## In re VON HOFFMAN.
### No. 7152.

Circuit Court of Appeals, Third Circuit.
Jan. 15, 1940.

David Goldstein, of Asbury Park, N. J., for appellant.

Matlack & Lautman, of Asbury Park, N. J. (Samuel K. Abrahams, of New York City, of counsel), for appellee.

Before BIDDLE, JONES, and BUFFINGTON, Circuit Judges.

JONES, Circuit Judge.

At the time Von Hoffman, the appellee, was adjudicated a bankrupt by the District Court for the District of New Jersey, he was possessed of the beneficial right to one-half of the income from a trust created by the will of his deceased mother, who had died resident in Bronx County, New York. After her death and prior to the son's bankruptcy, her will and codicil thereto had been duly probated before the Surrogate for said County and State, to whose jurisdiction the trust has ever since been subject. The legal title to the trust is in the testamentary trustee provided for by the decedent's will; and the bankrupt has no control over or right to the trust estate other than as a beneficiary thereof to the extent hereinbefore stated. The will also invests the bankrupt with a power of appointment which is of no present materiality.

The trustee in bankruptcy (the appellant here) applied to the referee for an order on the bankrupt requiring him to pay over to the trustee a portion of the income which the bankrupt receives from the trust estate of his mother. The affidavit which the trustee filed with the referee for such purpose prayed "that this Court make an order requiring the bankrupt to show cause why he should not be ordered to make payments at stated periods, in instalments and upon such terms as the Court may direct, out of his said income on account of his indebtedness as more particularly set forth in his schedules in bankruptcy filed herein." The referee granted the trustee an order on the bankrupt to show cause, as prayed for.

After hearing, the referee dismissed the order to show cause and, upon petition for review, the District Court, being of the opinion "that the Trustee in Bankruptcy must pursue the rights to which he deems himself entitled in such plenary action or proceeding as may be authorized by law", affirmed the order of the referee. In so doing, we think the District Court acted properly.

Prior to the institution of the proceeding involved in this appeal, the trustee had made application to the referee for an order on the bankrupt to require him to execute an assignment to the trustee of the bankrupt's "right, title and interest under the terms and provisions of the last will" of his deceased mother. The referee dismissed that application in an order which, upon review, was affirmed by the District Court. On motion by the trustee for leave to appeal, this court, concluding that an assignment was not necessary for the protection of any rights of the trustee in bankruptcy attaching by reason of the will of the bankrupt's mother, entered an order denying the trustee leave to appeal "but without prejudice to the right of the said Trustee in Bankruptcy to pursue in any court of competent jurisdiction any remedy which he may have to recover from the trust created by the said last Will and Testament and Codicil any portion of the trust fund to which he may be entitled". Docket C.C.A. 3rd, No. 6861.

 The earlier proceeding was, in effect, an application by the trustee for a turnover order on the bankrupt with respect to the latter's right to the trust income. The trustee, however, by virtue of his appointment, had become vested, under the Bankruptcy Act, with any interest the bankrupt had in the trust fund, provided such interest, at the time of the filing of the petition in bankruptcy, was capable of being assigned or transferred by the bankrupt or was subject to judicial sale or attachment. Suskin & Berry, Inc., v. Rumley, 4 Cir., 37 F.2d 304, 68 A.L.R. 768; In re Jersey Island Packing Co., 9 Cir., 138 F. 625, 2 L.R.A.,N.S., 560; In re Baudouine, 2 Cir., 101 F. 574. Accordingly, this court's order remitted the trustee to any court of competent jurisdiction for the enforcement of his rights, whatever they might be. The testamentary trustee in New York had possession of the trust fund and made distribution of the income therefrom, and, as the testamentary trustee's interests are adverse to those of the trustee in bankruptcy, a plenary action was plainly indicated. In re Baudouine, supra; In re McKay, D.C., 143 F. 671. Necessarily, such an action should be instituted in a competent court having jurisdiction of the person of the testamentary trustee who is a necessary party. In re MacFarlane, 9 Cir., 45 F.2d 992. Whether the bankrupt's interest in the trust was, at the time of the bankruptcy, assignable or transferable or subject to judicial sale or attachment, are matters to be determined by the law of the State where the trust was created and the trust property is located. Suskin & Berry, Inc., v. Rumley, supra; Allen v. Tate, 8 Cir., 6 F.2d 139. Incidents of alienability of personal property are determined by the federal courts according to local law. Dooley v. Pease, 180 U.S. 126, 21 S.Ct. 329, 45 L.Ed. 457. And, the same is true as to realty. Spindle v. Shreve, 111 U.S. 542, 4 S.Ct. 522, 28 L.Ed. 512. In truth, the availability of a bankrupt's trust income to his trustee in bankruptcy is to be determined by the law of the situs of the trust. Suskin & Berry, Inc., v. Rumley, supra; In re McKay, supra.

The trustee in bankruptcy chose not to proceed in a court of competent jurisdiction in New York, however, and resorted to the present proceeding, again seeking summary action by the referee. For so doing, the appellant frankly confesses the reason when he says in his brief that "the law of New Jersey * * * may be more favorable to the Trustee in Bankruptcy than the law of New York".

 In the present proceeding the appellant trustee, relying on his status as a judgment creditor with an execution returned unsatisfied, with respect to "all other property" of the bankrupt than that whereof the latter was possessed at the date of bankruptcy (Bankruptcy Act, § 70, sub. c, as amended by Act of June 22, 1938, c. 575, § 1, 52 Stat. 879, 11 U.S.C.A. § 110, sub. c), asks that the referee enter an order of execution against the bankrupt under two New Jersey execution statutes (Rev. Stat.1937, Sec. 2:26–181 and Sec. 2:26–182, N.J.S.A. 2:26–181, 2:26–182), to require the bankrupt to make payments to the trustee out of the income which the bankrupt receives from the trust estate in New York. For the availability of the New Jersey statutes, the trustee relies upon Rule 64 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which

makes applicable in District Courts all remedies, provided by the law of the State in which the District Court is held, "for seizure of person or property for the purpose of securing satisfaction of the judgment" ultimately to be entered in the District Court. The trustee argues that the provisions of Rule 64, inter alia, were adapted to proceedings in bankruptcy by virtue of General Order No. 37 (as amended and established by the Supreme Court, effective February 13, 1939, 11 U.S.C.A. following section 53), which provides that "In proceedings under the Act [Bankruptcy] the Rules of Civil Procedure * * * shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be".

We find no more merit in the appellant's present contention than in his earlier proceeding which he carried to an unsuccessful conclusion. Neither the General Orders in bankruptcy nor the Rules of Civil Procedure, as adapted to bankruptcy proceedings, purport to enlarge the powers of a referee beyond those conferred upon him by the Bankruptcy Act (Act of July 1, 1898, c. 541, § 38, 30 Stat. 555, as amended 11 U. S.C.A. § 66).

The right of the trustee to trust income of the bankrupt is not involved in the present appeal but merely the procedure to be followed by the trustee in enforcing such a right, whatever it may be, where the aid of a State garnishment or execution statute is enlisted. In Matter of Irving Trust Co., 267 N.Y. 102, 195 N.E. 811, a case cited by the appellant in another connection, the proceeding of the trustee to reach trust income of the bankrupt under a New York garnishment statute was instituted against the testamentary trustee in a New York State court of the situs of the trust. The appellant argues that the choice of forum in that case was a mere incident. We think, however, that the trustee's action in the Irving Trust Co. case was not instituted so fortuitously. It was done advisedly in order to enforce the trustee's rights both appropriately and adequately. And, the trustee here should act to like end. In no event is a trustee in bankruptcy lacking in either power or authority under the Bankruptcy Act (Act of July 1, 1898, c. 541, § 70, 30 Stat. 565, as amended, 11 U.S. C.A. § 110) to possess himself of all property of the bankrupt to which he may be entitled even though it becomes necessary in enforcing his rights to resort to a plenary action or to a State court.

Our decision herein renders it unnecessary for us to consider whether the order in the trustee's earlier action made that proceeding res adjudicata as to the matter involved in the pending appeal. Certain it is that the parties are the same and the issue in each case presented, in substance, the question of the trustee's right to obtain, by summary proceedings in personam, income from a trust fund in New York to which the bankrupt is entitled under the will of his deceased mother.

The order of the District Court is affirmed.