**John F. CRANE, Trustee in Bankruptcy of Eugene Parfumes Extraordinaire, Inc., Bankrupt, Plaintiff,**

v.

**Paul H. TANNENBAUM and Max Goldweber, co-partners doing business under the name and style of Tannenbaum & Weber, and Eugene Dunn, Defendants.**

United States District Court
S. D. New York.

June 11, 1957.

726

William Canton, New York City, for plaintiff.

Tannenbaum & Goldweber, Jamaica, N. Y., Max Goldweber, Jamaica, N. Y., of counsel, for defendant Goldweber.

LEVET, District Judge.

This is an action by a trustee in bankruptcy to recover $3,802.74 allegedly paid by the bankrupt to the defendants in violation of Section 70, sub. e of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. e, and Section 15 of the New York Stock Corporation Law, McK.Consol.Laws, c. 59. Defendant Goldweber moves for an order dismissing the action or to quash the return of the service of the summons on jurisdictional grounds.

■■ Since the bankrupt was a New York corporation and the defendants are citizens of New York, diversity of citizenship is lacking despite the fact that the trustee is a citizen of New Jersey. Stiefel v. 14th Street & Broadway Realty Corporation, 2 Cir., 1931, 48 F.2d 1041. Consequently, jurisdiction must be predicated solely upon Section 70, sub. e of the Bankruptcy Act. Although this court has jurisdiction to entertain the action, there remains for consideration the question of venue. "Where * * * the action is not local, as where the trustee seeks a simple money judgment * * * for payments of money made in fraud of creditors, the general venue,

section 1391, requiring suit to be brought in the defendant's district would seem to be clearly applicable." 4 Collier on Bankruptcy, 14 Ed., p. 478.

In the instant case, it appears that all of the defendants reside in the Eastern District of New York. Therefore, the suit is hereby transferred to said district in accordance with Title 28 U.S.C.A. § 1406(a).

Defendant Goldweber's motion is denied in all other respects.

So ordered.