In the Matter of the Judicial Settlement of the Final Account of the FIRST NATIONAL BANK AND TRUST COMPANY OF ELMIRA, as Trustee under the Voluntary Trust of ELLA M. BRAND.

Supreme Court, Chemung County, March 30, 1935.

*Henry & Denton* [*Edgar Denton, Jr.*, of counsel], for the trustee, substituted in place of Mandeville, Waxman, Buck, Teeter & Harpending.

*Horace E. Whiteside*, for Henrietta S. Keeton and another.

*John C. Wheeler*, for Helen S. Baker, individually and as administratrix, etc., of Ella M. Brand, deceased.

*John C. Wheeler,* guardian *ad litem* of Charles A. Baker and others.

*Mandeville, Waxman, Buck, Teeter & Harpending,* for James J. O'Connor, trustee in bankruptcy of Henrietta S. Keeton.

PERSONIUS, J. The trustee asks that its account be settled and for directions as to whom the trust fund shall be distributed. The only contest relates to the remainder of (Mrs.) Henrietta S. Keeton. She asks that it be paid to her; James J. O'Connor, her trustee in bankruptcy, asks that it be paid to him.

On or about September 29, 1920, Ella M. Brand (hereinafter called the settlor) executed a deed of trust to the Merchants National Bank of Elmira, N. Y. It by merger became the First National Bank and Trust Company of Elmira. By the deed the settlor transferred to the trustee certain personal property and unimproved real property in trust to pay the income to her for life and, upon her death, to distribute the principal to named beneficiaries, including her daughter, Mrs. Keeton.

The trust deed contained no power of revocation. The settlor could have revoked the trust " upon the written consent of all the persons beneficially interested." (Pers. Prop. Law, § 23; Real Prop. Law, § 118.) The trust was, however, never revoked. The settlor died on or about January 16, 1935.

About January 19, 1933, said Henrietta S. Keeton was, on her voluntary petition, adjudged a bankrupt. James J. O'Connor was duly appointed trustee in bankruptcy. He demanded the share of Henrietta S. Keeton from the trustee herein. Both Mrs. Keeton and Mr. O'Connor, her trustee in bankruptcy, are parties to this proceeding. Her interest in the trust estate was, in good faith, omitted from the schedules in bankruptcy. Upon her examination she disclosed it. She has not in any way assigned or parted therewith.

The question for determination is whether Mrs. Keeton's distributive share in remainder passed to her trustee in bankruptcy. Section 70 of the Bankruptcy Act (U. S. Code, tit. 11, § 110) provides in part: " (a) The trustee of the estate of a bankrupt * * * shall * * * be vested by operation of law with the title of the bankrupt, * * * to all * * * (5) property which prior to the filing of the petition, he could by any means have transferred."

When Mrs. Keeton was adjudicated bankrupt, the settlor of this trust was living and the trust was in force. Was her beneficial interest in remainder then " property " which she " could by any means have transferred?" This question must be determined under

the law of the State of New York. (*Suskin & Berry, Inc.*, v. *Rumley*, 37 F. [2d] 304, 305; 3 Remington Bankruptcy, § 1180.)

Section 15 of the Personal Property Law reads: " The right of the beneficiary to enforce the performance of a trust to receive the *income* of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise. *But the right and interest of the beneficiary of any other trust in personal property may be transferred.*" (Italics ours.) Section 59 of the Real Property Law reads: " An expectant estate is descend- ible, devisable and alienable, in the same manner as an estate in possession."

We think Mrs. Keeton's interest was " property " and though not vested in possession was vested. Whether vested or contingent, it was transferable and alienable. (*Bergmann* v. *Lord*, 194 N. Y. 70; *Baltes* v. *Union Trust Co.*, 180 id. 183; *Kenyon* v. *See*, 94 id. 563; *Pollack* v. *Meyer Bros. Drug Co.*, 233 Fed. 861 [8th Circ.]; *Clowe* v. *Seavey*, 208 N. Y. 496; *National Park Bank* v. *Billings*, 144 App. Div. 536; affd., 203 N. Y. 556; *Moore* v. *Littel*, 41 id. 66, cited with approval in *Clowe* v. *Seavey, supra*.) *Moore* v. *Littel* established the principle that a remainder, whether vested or contingent, could be conveyed, assigned, alienated, *even though it might be defeated by the remainderman's death before the life tenant.* The case involved a deed, not a will. In *Clowe* v. *Seavey (supra)* a trustee in bankruptcy sought to acquire the bankrupt's interest under her grandfather's will. The court said (p. 500): " Assuming the interest of Mrs. Seavey [the bankrupt] * * * to be contingent it will be extinguished by her death before the death of her father. * * * The statute makes no distinction between uncertainty of person and uncertainty of event, and there is no sound reason to make such a distinction with respect to alienability of contingent interests * * *. The interest of Mrs. Seavey is certain to vest in possession and enjoyment if she survives the event." The court held that the bankrupt's interest passed to her trustee. In *National Park Bank* v. *Billings (supra)* a will created a trust in personal property for the life of the testator's wife and directed the trustees upon her death to divide the property between his son and daughter, if they were then living. The court held that the son's interest was " property " within the meaning of section 1871 of the Code of Civil Procedure, and that it could be reached in a judgment creditor's action. The court said (p. 544): " His survivorship being one of the contingencies, his contingent interest is of course not transmissible to his personal representatives * * *. But that fact does not militate against its assignability * * *. If the survivorship of the donee be the contingency it will not be transmissible to his

personal representatives, but it may still be assignable, the assignee of course taking subject to the chance that it may never vest in possession." The opinion cites *Higden* v. *Williamson* (3 P. Wms. 132) where it was held that a similar interest passed in bankruptcy.

We are cited to *Matter of Hoadley* (101 Fed. 233). Of this case 3 Remington on Bankruptcy, 32, says: " In this case the distinction was drawn between contingency of person and contingency of event." In the present case the only contingency is as to the event. Even a contingency as to the person does not seem to make a trust interest non-transferable under the later cases above cited. Of the same import as the *Hoadley* case is *Matter of Gardner* (106 Fed. 670), decided by the same judge, and *Suskin & Berry, Inc.*, v. *Rumley* (37 F. [2d] 304), a Maryland case which at page 306 recognizes a different rule in New York.

We see no distinction between a remainder in a trust created by will, by deed or by voluntary settlement. The interest of the beneficiary is identical. If an interest created by one is transferable, an interest created by the other is also. Our attention is called to no authorities to the contrary. The cases cited involved trusts created by will, by agreement and by decree of court. In each the same rule of transferability was applied.

True, Mrs. Keeton might have consented to the revocation of the trust before filing her petition. Equally true she might have assigned her interest before filing the petition. She did neither. The question here is to be determined by the facts existing at the time the petition was filed.

We are cited to cases holding that an expectancy, a possibility, a hope of an heir of a person still living, or of a beneficiary under an insurance policy which is subject to change of beneficiary, does not pass to the trustee in bankruptcy. Such interests are not property. As well said in *National Park Bank* v. *Billings* (*supra*, 144 App. Div. 536, 540): " ' That which the heir has from the curtesy of his ancestor, and which is nothing more than the mere hope of succession ' " is not the subject of disposition. " Mere expectancies and bare possibilities of acquiring property do not pass. They do not constitute property nor title to property." (3 Remington Bankruptcy, § 1199.) In *Matter of Baker* (13 F. [2d] 707) Baker purchased of two brothers their respective expectancies in their mother's estate. *He became bankrupt during his mother's lifetime.* The court held that neither Baker's individual interest nor the interest acquired from his brothers passed to the trustee in bankruptcy, saying: " A right which will pass to a trustee cannot be created by assigning a right which will not pass." In other words, the expectancy of the two brothers would not have passed to their

trustee in bankruptcy; therefore, the bankrupt by acquiring their rights did not create a right which would pass.

The respondent refers to spendthrift trusts. One difficulty with this argument is that the deed of trust here makes no attempt to create a spendthrift trust. It provides that upon the settlor's death the trustee shall pay to Henrietta S. Keeton the sum of $1,800 and one-half of the residue after making certain other payments. There is not the slightest indication of any intent to keep this property from the creditors of Mrs. Keeton. If there was, it would be void. (*Ullman* v. *Cameron*, 186 N. Y. 339.)

Respondent cites *Hull* v. *Palmer* (213 N. Y. 315; *Hull* v. *Farmers' Loan & Trust Co.*, 245 U. S. 312). There the testator created a trust for his son with a provision that " my said son shall have the principal * * * whenever he shall become financially solvent and able to pay all his just debts and liabilities from resources other than the principal of this trust fund." The son became bankrupt. The trustee in bankruptcy attempted to reach the principal of the trust fund. The Court of Appeals assumed (p. 320) that the interest was assignable under the authority of *National Park Bank* v. *Billings* (*supra*), but held that the testator imposed a condition upon the gift which never occurred. It said (p. 321): " It is to be observed that this is not a case in which a testator has undertaken to make a gift, and to keep it from his donee's creditors. * * * The testator had a right to impose that condition. He had a right to keep his property away from his son's creditors by not giving it to the son at all, unless the latter was able to pay his debts from other resources * * *. The nature of the condition itself determines the controversy." The United States Supreme Court held substantially the same, saying: " This is not a case where a testator seeks to bequeath property which shall be free from liability for the beneficiary's debts. * * * Here the testator has merely pre scribed the condition on which he will make a gift of the principal." In other words, the testator did not make any gift of the principal because he imposed a condition which never occurred. In the present case no condition is imposed. Upon the settlor's death, Mrs. Keeton's share became unconditionally payable to her.

We hold that the share of Henrietta S. Keeton in the principal of this trust passed to her trustee in bankruptcy and should be paid to him.

Submit decree in accordance herewith.