RICHARD H. SARVER, Respondent, v. JOHN HENRY TOWNE and Others, Individually and as Trustees under the Last Will and Testament of HENRY R. TOWNE, Deceased, Appellants.

Second Department, November 25, 1940.

616

*F. Carroll Taylor* [*Louis H. Porter* with him on the brief], for the appellants.

*William C. Young* [*Samuel Gordon* with him on the brief], for the respondent.

JOHNSTON, J.  Defendants are trustees under the will of Henry R. Towne, deceased.  The will, which was probated in 1924 in New York county, sets up trusts in favor of the testator's grandson, Frederick T. Towne, who was to receive the income therefrom during his lifetime.  The will directed the trustees to pay the income quarterly or semi-annually for the use and benefit of the beneficiary.  While the trustees have limited discretion as to the time when the income is to be paid, they have no right to withhold the income or any part of it.  Subsequently Towne filed a voluntary petition in bankruptcy, and on May 27, 1935, he was adjudicated a bankrupt in the United States District Court for the District of Connecticut, and on September 11, 1935, was discharged.  In his schedules Towne listed as an asset his interest in the trusts created by his grandfather but claimed exemption, stating that ten per cent of the income thereof could be attached by a judgment creditor.  On June 10, 1935, a trustee of the bankrupt's estate was elected, and from that date to May 20, 1937, the trustee collected ten per cent of the income.  On April 26, 1937, the trustee, with the approval of the bankruptcy court, sold to plaintiff all right of the bankrupt to ten per cent of the income accruing to the bankrupt during his life expectancy under the trusts.  The sale was confirmed, and on May 1, 1937, the trustee executed

and delivered to plaintiff a bill of sale containing an assignment of all the right, title and interest which the trustee had in ten per cent of the income. The bill of sale and assignment were supplemented by an instrument dated January 4, 1938, certifying that the unpaid claims filed and allowed amounted to $89,342.25. The defendants, under an execution in favor of the trustee, paid the sheriff of New York county a sum equivalent to ten per cent of the trust income up to and including May 19, 1937, and this sum, amounting to $102.07, was credited against the net indebtedness.

Plaintiff notified defendants of the sale to him and demanded payment of ten per cent of the income, and, upon failure of the defendants to pay, this action was instituted. Plaintiff prayed for a declaratory judgment determining that he is entitled to a one-tenth interest in all distributable income payable under the testamentary trusts; that defendants account for all the trust income paid to Towne since May 1, 1937, and pay one-tenth thereof to plaintiff, and that defendants be directed to pay plaintiff one-tenth of the trust income during Towne's lifetime. Judgment has been awarded plaintiff and the defendants appeal.

Defendants contend that Towne was powerless to transfer his interest in the future trust income and, consequently, the trustee in bankruptcy could not do so and the latter's rights are limited to those available to a judgment creditor of the bankrupt. The rule is that where one for whom property is held in trust is adjudicated a bankrupt, his entire interest in the trust estate passes to the trustee, providing the bankrupt's beneficial interest is transferable or subject to judicial sale. It is well settled that the right of a trustee in bankruptcy to reach income accruing to the beneficiary of a trust existing at the date of the adjudication depends upon the local law. It is conceded that the laws of New York apply.

Defendants invoke section 15 of the Personal Property Law which, so far as material, provides: " 1. The right of the beneficiary to enforce the performance of a trust to receive the income of personal property, and to apply it to the use of any person, cannot be transferred by assignment or otherwise. * * *."

But the statute just quoted merely prohibits the beneficiary by his own acts from assigning or transferring the income of personal property. That is not the instant case. Here the transfer of ten per cent of the income to the trustee was not the voluntary act of the beneficiary. The trustee acquired an interest in that part of the income by operation of the law. (*Gazlay* v. *Williams*, 210 U. S. 41.) This is also clear from the Federal statutes as they

existed at the time of the adjudication and the assignment to plaintiff. Section 70 of the Bankruptcy Act (U. S. Code, tit. 11, § 110) in part provided: " (a) The trustee of the estate of a bankrupt, * * *, shall * * * be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, * * * to all * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him."

Under the statute just quoted the surplus income of a trust fund did not pass to the trustee in bankruptcy, but in 1910 the Bankruptcy Act was amended by amending section 47, ▌ subdivision a, clause (2), which in part provided: " As to all property not in the custody of the bankruptcy court, [the trustee] shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied. * * *." While this amendment was not incorporated in section 70, but in section 47, " The act must be interpreted as a whole, and all its parts harmonized." (*Matter of Morris,* 204 Fed. 770, 771.) The amendment, while preserving to the trustee all the rights, remedies and powers of the bankrupt given under section 70, grants the trustee additional rights, remedies and powers. In other words, under the amendment a trustee in bankruptcy has the same status as a judgment creditor with an execution wholly or partly unsatisfied. Consequently, a trustee in bankruptcy may obtain an order of garnishment effective as a continuing levy upon ten per cent of the income from trust funds of which the bankrupt is the beneficiary, and this right is not affected by the discharge of the bankrupt. (*Matter of Irving Trust Co.,* 267 N. Y. 102, 107, and cases cited.) True, the garnishee order itself is not assignable, since it is not property belonging to the bankrupt, but merely a remedy available to the trustee to reach the bankrupt's property. (*Matter of Towne,* 278 N. Y. 597.) But the right to collect the income, distinguished from the remedy to enforce it, is property belonging to the bankrupt, an asset which the trustee acquired and which he may sell and assign. Judge HINCKS, in reopening the bankruptcy proceeding, and Judge GODDARD, after the decision in *Matter of Irving Trust Co.* (*supra*), in a controversy involving the same parties, so held. (*Matter of Levy,* 16 F. Supp. 861, 862.)

As heretofore shown, the transfer of ten per cent of the income to the trustee in bankruptcy was by operation of law and not by the voluntary act of the bankrupt. Such part of the income

became an asset of the bankrupt's estate. To preserve this asset the trustee collected the income both prior and subsequent to the bankrupt's discharge. The bankrupt no longer had an interest in it and could not obtain his discharge unless he had surrendered it. Defendants concede that the trustee acquired the right to collect ten per cent of the income, but contend he may not dispose of that right. So to hold would do violence to the spirit of the Bankruptcy Act. It would require the trustee either to continue to administer the asset or to abandon it. The Bankruptcy Act contemplates, and, in fact, directs, that the bankrupt's property be reduced to cash and distributed among the creditors. That is what was done in the instant case by the sale to plaintiff. The sale was ordered and confirmed by the bankruptcy court and it is not open to attack. Therefore, plaintiff stands in the same position as the trustee in bankruptcy and is entitled to all the remedies that were available to the trustee for the enforcement of the right to collect the income.

Defendants also urge that they are not liable individually. Having paid the income to the bankrupt after notice of the sale to plaintiff, they did so at their peril and cannot escape individual liability. (Restatement, Trusts, § 155, subsec. (2), comment g, pp. 385, 386.)

The judgment awards plaintiff $1,882.41, which is ten per cent of the gross income payable between May 20, 1937, and January 2, 1940. The will provides for the payment to the beneficiary of the " net interest and income." Deducting the commissions and disbursements from the gross income leaves a net income of $16,901.12. Therefore, the judgment should be modified by reducing the amount $1,882.41 to $1,690.11, and the total judgment from $2,071.61 to $1,879.31. As thus modified, the judgment should be affirmed, with costs to the respondent.

Present — LAZANSKY, P. J., HAGARTY, JOHNSTON, ADEL and CLOSE, JJ.

Judgment modified by reducing the amount $1,882.41, representing ten per cent of the gross income payable to Frederick T. Towne between May 20, 1937, and January 2, 1940, to the sum of $1,690.11, and by reducing the total judgment from $2,071.61 to $1,879.31. As thus modified, the judgment is unanimously affirmed, with costs to the respondent.

Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made.