RICHARD H. SARVER, Respondent, *v.* JOHN H. TOWNE et al., Individually and as Trustees under the Will of HENRY R. TOWNE, Deceased, Appellants.

Argued March 11, 1941; decided April 17, 1941.

*F. Carroll Taylor, Louis H. Porter* and *W. Mason Carliss*
for appellants.

*William C. Young* and *Samuel Gordon* for respondent.

LEHMAN, Ch. J.   Frederick T. Towne filed a voluntary petition in bankruptcy and was adjudicated a bankrupt in May, 1935.   He was discharged in the following September.` He listed among his assets an " interest as *cestui que trust* in a spendthrift trust under the will of Henry R. Towne, deceased.   Exempt.   New York State Trust, but under laws of State of New York 10% of beneficiary's income may be attached by a judgment-creditor."

Under the will of Henry R. Towne,  the bankrupt's grandfather, the testator directed trustees to pay over the net interest and income of a trust fund established by such will " quarter-yearly or semi-annually, to and for the use of my said grandson, Frederick Tallmadge Towne, during the term  of  his  natural  life  *  *  *." The  beneficiary's interest in the income from such a trust is not assignable by him (Personal Property Law, § 15 [Cons. Laws, ch. 41]);

but a judgment creditor may obtain a garnishee order directing that an execution issue against the income from the trust fund. On presentation of such execution for collection to the trustees, it becomes " a lien and a continuing levy upon the * * * income from trust funds * * * to the amount specified therein which shall not exceed ten per centum thereof, and said levy shall be a continuing levy until said execution and the expenses thereof are fully satisfied and paid * * *." (Civ. Prac. Act, § 684.)

Before the petition in bankruptcy was filed by Frederick T. Towne, a judgment creditor had, in fact, obtained such a garnishee order, and levy upon the income of the trust funds had been made thereunder. The trustee in bankruptcy, " as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied." (Bankruptcy Act § 47, subd. a [2]; 30 Stat. 557, amd. 36 Stat. 840; U. S. Code, tit. 11, § 75.) Such rights, remedies and powers include the right to obtain, in garnishee proceedings, an order for an execution; and a levy under such order remains " a lien and a continuing levy " even after the discharge in bankruptcy of the judgment debtor. (*Matter of Irving Trust Co.*, 267 N. Y. 102, 106.)

Accordingly, the trustee in bankruptcy, appointed in the Towne bankruptcy proceedings, obtained an order which directed that the garnishee execution, previously procured by Towne's judgment creditor, and the levy thereunder upon Towne's income from the trust fund, should be vacated and that a garnishee execution issue in favor of the trustee in bankruptcy. The Sheriff of the County of New York served such execution upon the trustees and collected ten per cent of the income. In March, 1937, in order to facilitate the settlement of the bankrupt estate, the referee in bankruptcy authorized the trustee to sell at public auction to the highest bidder " all right, title and interest in and to 10% of the income of said Bankrupt, during his life expectancy from the estate of Henry R. Towne under certain trust funds." At the sale, held on April 26, 1937, such " right,

title and interest " was sold to the plaintiff Richard H. Sarver and, after confirmation of that sale, the trustee executed an assignment to the purchaser of " all my right, title and interest * * * in and to the execution " issued out of the Supreme Court " and all rights thereunder, for ten per cent of the income from the trusts created by * * * the Last Will and Testament of Henry R. Towne, deceased * * * together with all my right, title and interest as such Trustee in Bankruptcy in and to ten per cent of the income of the aforesaid trusts * * *."

Doubtless until the bankrupt estate was finally settled the trustee might have continued to enforce the rights vested in him under the execution to receive the income from the trust as it came due and was collected by the Sheriff. The inconvenience of postponing indefinitely the settlement of the estate induced the trustee to sell this interest in the trust fund, derived from the levy of the execution, and induced the bankruptcy court to confirm such sale. We are not concerned with any question of whether the advantages of such a sale would outweigh its disadvantages; we are concerned with the question whether such interest is assignable under the law of the State of New York or may be sold upon a judicial sale. The law of this State determines what interests in trusts here established are assignable; the extent and manner in which such interests may be taken *in invitum* under executions issued by courts of this State, and the rights derived from a levy of such executions. (*Allen* v. *Tate*, 6 Fed. Rep. [2d] 139.) " The policy of the Bankruptcy Act is to respect state exemptions." (*Eaton* v. *Boston Safe Deposit & Trust Co.*, 240 U. S. 427, 429.)

Before the present action was brought the beneficiary of the trust fund challenged successfully the rights of the assignee of the trustee in bankruptcy to collect any part of the income of the fund. Claiming that rights under the execution levied upon his income did not constitute property which came into the custody of the bankruptcy court and were not assignable, the beneficiary moved in the Supreme

Court of the State for an order vacating the garnishee execution. The motion was granted " without prejudice to such other remedies as respondent may be advised to pursue for the collection of the claim." The order was affirmed. (*Matter of Towne*, 253 App. Div. 795; 278 N. Y. 597.)

The assignee, with the approval of the bankruptcy court, then began this action to obtain a declaratory judgment " determining that he is entitled to a one-tenth interest in all distributable income from said trust funds " and directing the defendant trustees to pay over to the plaintiff that portion of the income. It seems clear to us that our decision in *Matter of Towne* (*supra*) destroys completely the foundations of the plaintiff's claim. The income of the trust fund is concededly not assignable by the beneficiary under the statutes of New York. Though ten per cent may be taken from the beneficiary against his will under execution issued for the collection of the debts of the beneficiary, the rights of a judgment creditor or of a trustee in bankruptcy to obtain such income are derived solely from the execution and cease when the execution is vacated.

It is true, as the Appellate Division has pointed out, that " the rule is that where one for whom property is held in trust is adjudicated a bankrupt, his entire interest in the trust estate passes to the trustee, providing the bankrupt's beneficial interest is transferable or subject to judicial sale." The trustee in bankruptcy is " vested by operation of law with the title of the bankrupt * * * to all * * * property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." (260 App. Div. 615, 617, 618.) The fact that income from the trust fund may not be assigned voluntarily by the bankrupt is not, standing alone, decisive, if under the statute of New York it might be " sold under judicial process against him;" but the law of the State of New York not only provides expressly that the income from the trust is not assignable (Personal Property Law, § 15) but it makes no provision

that any part of his interest in the income may be sold under judicial process against him.

The amendment to the Bankruptcy Act (36 U. S. Stat. 840) vesting the trustee " as to all property not in the custody of the bankruptcy court " (U. S. Code, tit. 11, § 75) with the right to obtain a garnishee execution, did not transfer to the bankruptcy court any title to the income. Indeed, these rights are conferred only as to property *not* in the custody of the bankruptcy court. " The amendment afforded the trustee in bankruptcy new remedies which prior to its enactment were only available to the creditors themselves; but it did not enable him to treat the income of a bankrupt derivable from a testamentary or *inter vivos* trust as in the constructive possession of the bankruptcy court." (*Matter of Whitney,* 113 Fed. Rep. [2d] 426, 428.) The remedy available to the creditors was only to receive the income collected under levy of the execution by the Sheriff. That remedy did not include any right to the fund, or its income, or any part thereof, upon judicial sale. The remedy of the trustee was not greater or different. A continuing lien arose from service of the garnishee order but no property passed to the Sheriff or to the judgment creditor or the trustee in bankruptcy until a part of the income was collected. The trustee's rights could not be transferred and when the bankrupt estate was finally settled the trustee no longer functioned and could not enforce the garnishee order. Consequently the order was vacated, the lien ceased, and the assignee of the trustee in bankruptcy had no rights which could be enforced against the trust funds. That was our decision in *Matter of Towne (supra).*

It is said, however, that though the bankrupt's interest in future income is not assignable and is not property which passed by operation of law to the trustee in bankruptcy, and though the trustee has no power to transfer his right to reach a part of such income by garnishee execution, yet that " the right to collect the income, distinguished from the remedy to enforce it, is property belonging to the bankrupt, an asset which the trustee acquired and which

he may sell and assign." (260 App. Div. 615, 618.) As we have pointed out, the remedy given by the Bankruptcy Act to the trustee applied only to " property not in the custody of the bankruptcy court." Right to collect the income is not distinguishable from the remedy which the law of New York confers upon a judgment creditor. The existence of the remedy creates the right and the right is co-extensive with the remedy. When we decided that the remedy could not be transferred, it necessarily followed that the trustee had no right which he could sell.

The judgments should be reversed and complaint dismissed, without costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.