IRVING TRUST COMPANY (formerly IRVING BANK-COLUMBIA TRUST
    COMPANY), as Trustee, Plaintiff, *v.* VIOLET E. FERNANDEZ
    et al., Defendants.
IRVING TRUST COMPANY (formerly IRVING BANK AND TRUST
    COMPANY), as Trustee, Plaintiff, *v.* VIOLET E. FERNANDEZ
    et al., Defendants.

Supreme Court, Westchester County, November 3, 1942.

*Gifford, Woody, Carter & Hays* for plaintiff.

*Samuel E. Fredrick* for Violet E. Fernandez, defendant.

WITSCHIEF, J. There are two actions involved in these motions, one based upon a trust indenture made by Stephen G. Egan, dated July 3, 1925, and one based upon a trust indenture made by Stephen G. Egan, dated September 23, 1926. In each of the actions it is sought to have the rights of the parties in the several trust funds stated and defined, that the plaintiff be permitted to account and that the trust fund be distributed in accordance with the rights of the parties as determined by the judgment.

By the trust of July 3, 1925, the creator of the trust provided that the income therefrom should be paid to him for a period of fifteen years, and that the principal of the trust should be paid to him if living at the end of the fifteen-year period. If he died before the expiration of the fifteen years, as he did, one fourth of the principal of the trust was given to his mother, Mary H. Egan, or if she should predecease him, as she did, his mother's one fourth should be paid to his wife, Blanche D. Egan, and his issue, share and share alike. He left no issue. Also upon his death he gave one fourth of the trust to his sister, Violet Egan Fernandez, who survived him, and one half thereof to Blanche D. Egan, his wife, and to his issue, if any, share and share alike. Prior to the death of Stephen G. Egan, his wife Blanche D. Egan assigned to him all her right, title and interest under said deed of trust.

No question is involved as to the right of the sister Violet Egan Fernandez to receive one fourth of the trust provided for her.

The question of law raised by the pleadings is whether the other three fourths passed to the next of kin of Stephen G. Egan or passed under his will. If to the next of kin, then his sister Violet Egan Fernandez takes the whole trust. If under his will, the three fourths of the trust will be payable to three charitable institutions. Only questions of law are involved, the facts not being in dispute.

A future estate is vested when there is a person in being who would have an immediate right to the possession of the property on the determination of all intermediate estates. (*Matter of Weaver,* 253 App. Div. 24, affd. 278 N. Y. 635.) Blanche D. Egan, the wife of the creator of the trust, had an interest therein which was alienable. (*Moore* v. *Littel,* 41 N. Y. 66; *Clowe* v.

*Seavey,* 208 N. Y. 496; *Matter of Roth,* 234 App. Div. 474; *Matter of Brand,* 156 Misc. 312; *National Park Bank* v. *Billings,* 144 App. Div. 536, affd. on opinion below, 203 N. Y. 556.) Since Blanche D. Egan, wife of the creator of the trust, had a vested interest in three fourths of the trust and such interest was alienable by her and since she did alienate it to the creator of the trust, such three-fourths interest belonged to him at his death and passed under his will. The defendant Violet Egan Fernandez, sister of the creator of the trust, has no interest whatever in such three fourths of the trust.

The same questions are involved in the other action relating to the trust indenture dated September 23, 1926. That trust indenture provided for the payment to the creator of the trust of the corpus thereof on July 3, 1940, if living, and, if he should die before that date, the corpus thereof should be paid to his wife, Blanche D. Egan, and if she predeceased him then to his issue, if any, and in default of issue to his next of kin. For the reasons stated above it is concluded that Blanche D. Egan had a vested interest in this trust which she could and did alienate by assigning it to her husband, the creator of the trust. Upon the execution and delivery of such assignment the creator of the trust became the owner of property, which belonged to him at his death and passed under his will. The result of this holding is that his sister Violet Egan Fernandez has no interest whatever in such trust.

The motion in each case is for judgment under rule 113 of the Rules of Civil Practice. The motion is granted and judgment awarded in favor of the plaintiff in accordance with this memorandum, and in each case.