S. Samuel Di Falco, S.
The will of the testatrix created a trust for the benefit of her son, Robert, the income of which is payable to him during his lifetime or until the fund becomes exhausted by distributions of principal as therein directed. The will directs that when Robert shall attain the age of 45 years, the trustee “shall transfer and distribute to him one-half (Yz) of the then principal of the portion so set apart in trust for his benefit.” On September 5, 1963, Robert attained that age. The share of the fund now distributable to him is claimed by (1) the receiver of all of the property of Robert, who was appointed in proceedings supplementary to judgment; (2) the former wife of Robert, by virtue of a levy made by the Sheriff under a warrant of attachment issued in an action by her against Robert; (3) assignees of Robert under several written assignments made in June, 1963 and not recorded until after September 5,1963.
On January 18, 1951, Maurice Groodman obtained a judgment of the Supreme Court against Robert L. Owen in the sum of $16,188.50. By order dated December 30, 1959 in supplementary proceedings, the executor trustee under the will of this testatrix was ordered to attend and be examined as a third party and was enjoined from making any disposition of any property belonging to the judgment debtor. The order was served on January 5, 1960 and the fiduciary appeared in the supplementary proceeding on January 11. By order dated September 6, 1960, the Supreme Court appointed a receiver ‘ ‘ of all the property, debts, equitable interests, rights and things in action, effects and estates, real and personal, of the said judgment debtor, Robert L. Owen ’ That order further directed that the judgment debtor and the executor trustee under this will 1 ‘ be and they hereby are forbidden to make or suffer any transfer, payment, encumbrance or other disposition of or interference with the property, debts, equitable interests, rights, things in action, effects and estate, real and *844 personal, of the said judgment debtor, except in obedience hereto, until further direction in the premises ’ \ The supplementary proceedings have been extended by various orders, the last order extending them until January 5,1966.
The receiver of the property in supplementary proceedings claims to be entitled to all of the property now distributable to the judgment debtor up to the amount of his judgment and interest thereon.
The former wife of Robert Owen, Wanda W. Owen, commenced an action against him to recover $31,175, representing sums due her as alimony and as unpaid loans. The summons was served on February 11, 1960. A warrant of attachment was obtained on the ground that the defendant was not a resident of the State of New York. The warrant of attachment was dated March 1, 1960. On the following day the Sheriff of the County of New York served a certified copy of the warrant of attachment on the executor trustee herein with the intent and purpose of levying upon the defendant’is interest in this estate. Wanda W. Owen, now Wanda W. Fisher, claims to be entitled to the moneys now distributable to her former husband on the ground that the levy under the warrant of attachment gives her precedence.
Robert L. Owen executed several assignments of his interest in the funds now distributable. The assignees appear to be his attorney, the executor trustee, his former wife and his present wife. The assignees contend that neither the receiver nor the plaintiff in the alimony action has a right to payment from the principal of this trust fund and that the assignees are entitled to payment.
The first question raised in respect of the receiver’s status is whether his rights and his position are to be determined under the CPLR or the Civil Practice Act. Effective September 1, 1963, the new practice act was made applicable to all actions thereafter commenced 'and also to future proceedings in pending actions 11 except to the extent that the court determines that application in a particular pending action would not be feasible or would work injustice, in which event the former procedure applies.” It further provides: “ Proceedings pursuant to law in an action taken prior to the time this act takes effect shall not be rendered ineffectual or impaired by this act.” (CPLR 10003.)
The CPLR made significant changes in the law governing enforcement of money judgments and receivers appointed in connection therewith. (6 Weinstein-Korn-Miller, N. Y. Civ. *845 Prac., pars. 5201.01, 5228.01 et seq.) The authority cited, contains a very clear and succinct statement of the former procedure and the new procedure, and, insofar as material to the present controversy, says: “ CPLR 5228 is designed to replace the former statutes and rules pertaining to supplementary proceedings receivers — sections 804 through 810 of the Civil Practice Act and rules 175 and 177 of the Rules of Civil Practice. The new provision eliminates the more cumbersome aspects of the former procedure and makes a receivership an independent enforcement device that may be used by itself or in conjunction with other Article 52 procedures. * * * [Under the Civil Practice Act, the] filing of a receivership order with the clerk of the comity of the judgment debtor’s residence vested title to the judgment debtor’s property in the receiver and prevented the debtor from passing title to his personal property to anyone, including a bona fide purchaser for value. Moreover, the receiver’s title extended ‘ back by relation ’ to the commencement of supplementary proceedings and could be asserted against any transferee from the judgment debtor who was not a bona fide purchaser or any creditor without notice, The creditor who obtained the appointment of a receiver also was afforded a priority over creditors who pursued other enforcement procedures. * * * Even if other judgment creditors had levied under an execution but had not sold the property, the receiver obtained priority over the execution creditor if the receivership creditor commenced supplementary procedings before the execution was delivered to the sheriff. * * * Since a receivership under CPLR 5228 extends only to the specific property identified in the order of appointment * * the receivership lien applies only to that property rather than to all of the debtor’s property as formerly was the case. Moreover, a receiver appointed under CPLR 5228(a) will not obtain ‘ title ’ to the judgment debtor’s property, although the appointing court can give him the right to pass the judgment debtor’s ‘title’ to a third person. * * * By not giving the receiver title to the property placed in his care, the need for the intricate, litigation-producing concepts of ‘ vesting ’ and ‘ relation back ’ of title in former sections 807 and 808 and the special filing and indexing provisions in former sections 809 and 810 has been eliminated.” (Id, pp. 52-442 to 52-445, inclusive.)
In this case the receiver was appointed on September 6, 1960 and under the statute then in effect, he became vested with title to the judgment debtor’s property, “whether acquired before *846 or any time after the appointement of [the receiver” (Civ. Prac. Act, § 807), and the title so acquired “extends back by relation ’ ’ to the time of the service of the order or subpoena upon the executor-trustee (§ 808, subd. 2). The order made in the Supreme Court on September 6, 1960 was filed in the office of the County Clerk on the same day. The order for the examination of the fiduciary in supplementary proceedings was served on January 5, 1960. The receiver’s title to the “property, debts, equitable interests, rights and things in action, effects and estates, real and personal” of Robert Owen would, therefore, extend back to January 5, 1960. The Sheriff’s levy under the warrant of attachment did not take place until March 2, 1960. The receiver’s right would be prior to that of a judgment creditor who had later levied under an execution (Lawyer’s Co-op. Pub. Co. v. Axelrod, N. Y. L. J., Sept. 4, 1934, p. 622, col. 5; 6 Weinstein-Korn-Miller, pp. 52-443 and 52-444) and a fortiori would take precedence over that of a plaintiff in a pending action under a warrant .of attachment where no sale of the property ever took place. Section 808, which provides for the extension of the receiver’s title to the earlier date, contains an exception where a “ purchaser in good faith without notice and for a valuable consideration” had acquired the property in the intervening period. If the Sheriff had actually sold the property in the intervening period, the purchaser would acquire rights under the exception. (Droege v. Baxter, 69 App. Div. 58, affd. 171 N. Y. 654.) In this case, however, there was no sale of the property by the Sheriff.
It is, therefore, clear that the receiver (and the judgment creditor for whom he acted) obtained rights and priorities prior to September 1, 1963, and that his rights and priorities are not to be “rendered ineffectual or impaired” by the new Civil Practice Law and Rules (CPLR 10008).
It is argued that the Supreme Court has already determined that the new act applies to this ease. In the motion to extend the supplementary proceedings, the receiver submitted an order which would determine that the application of the CPLR in the supplementary proceedings would work injustice. A counterorder was submitted without that provision. It merely ordered that the proceedings ‘ ‘ pursuant to section 5240 and 10003 of the CPLR are extended until January fifth, 1966 ’ ’. The Supreme Court patently was not deciding, at that point, to what proceedings or whether and to what extent the new act or the old act would apply. Such a determination could not fairly be made until a particular fact situation required *847 the court to determine which law applies. In referring to CPLR 10003, the court was preserving the same rights to all of the parties that the Legislature had preserved to them, leaving it to future determination when a specific problem would require the court to say whether or not injustice would result from applying the provisions of the new act. In any event, the Legislature has very plainly declared that rights which had been obtained prior to September 1, 1963 were not to be impaired or rendered ineffectual by the application of the new practice rules.
The attachment creditor and the assignees argue that all interests in a trust fund are exempt from execution and that the receiver obtained no title to any of the property held in trust and acquired no right to payment from the trust corpus. Section 792 of the Civil Practice Act and CPLR 5205 (subd. [d]) provide that any property held in trust for the judgment debtor is exempt from seizure for the debts of the beneficiary. It is clear that so long as the funds are being held in trust, a judgment creditor cannot reach the principal and cannot interfere with the administration of the trust fund, except in instances not here material. Bergmann v. Lord (194 N. Y. 70) long ago made clear the distinction between the transfer of a remainder interest and a transfer of the property held in trust. The predecessor statute (Code Civ. Pro., § 1879) was construed as having no intention of preventing a judgment creditor from reaching a vested remainder interest, although that section clearly would not permit the taking of the trust property during the term of the trust. All remainder interests are alienable and would be subject to seizure although the seizure and transfer of the remainder interest would not accelerate the time of payment. It is clear that the statute exempting trust principal from being applied to the debts of a remainderman makes the property exempt only as long as the property is 'held in trust. When the principal is to be distributed outright to remaindermen, the property so distributed may be reached by judgment creditors. (6 Weinstein-Korn-Miller, N. Y. Prac., p. 52-156.)
It is also argued that under the authorities the right of the receiver would not attach to any property except that which was owned by the judgment debtor at the time the receiver was appointed. Prior to 1935, the applicable statute provided that the property of the judgment debtor was vested in the receiver from the time of the filing of the order appointing bim and that text gave rise to the doctrine extending title only *848 to that property which belonged to the judgment debtor at the time of the appointment (Cohen, Collection of Money Judgments in New York: Supplementary Proceedings, 35 Col. L. Rev. 1007, 1020). " After the receiver has qualified the debtor may acquire title to valuable property. Under the Field-Throop Code and the Civil Practice Act the receiver could not take title to such property. The fixed point of time idea Avas applied to the extend of the receivership, and the receiver’s title Avas limited to property owned by the debtor at its inception.” (Id, p. 1021.) Section 807 of the Civil Practice Act, as amended by chapter 630 of the Laws of 1935, explicitly provided that the property of the judgment debtor “ AAdiether acquired before or any time after the appointment of a receiver ” is vested in the receiver. Section 799 Avas also amended to authorize an injunction against any person, whether or not a party, to prohibit any transfer or interference Avith the judgment debtor’s property, including property thereafter acquired or becoming due to the judgment debtor. The order appointing the receiver gave him title to all of the property, debts, equitable interests and chose® in action and subsequent orders have extended the term of the proceedings so that they are still pending.
It is true that the receiver would take legal title to the money distributed only Avhen distribution was made, but he was vested Avith oAvnership of the remainder interest and of the equitable right of the beneficiary to receive payment in accordance with the terms of the trust. The receiver’s right and title antedated that of the rights of the attaching creditor.
The court accordingly holds that the receiver is entitled to precedence in the order of payment. Inasmuch as it appears to be conceded that the full amount iioav to be distributed is not sufficient to satisfy the claim of the receiver, it is not necessary to determine the respective rights of the other objeetants.
These rulings dispose of all of the objections except the objection of Wanda Fisher to the alleged failure of the fiduciary to acknoAvledge that she is an assignee of Robert Oven. That matter Avas not discussed at the hearing or in the briefs, and the court assumes that it has been satisfactorily adjusted.
The petitioner asks the court to fix the reasonable compensation of the attorneys for the fiduciary. No party makes any objection to the amount requested. The attorneys are directed to file an affidavit of legal services. The court will fix the compensation on the settlement of the decree.