**In the Matter of Jean Barclay DOLARD,
Bankrupt.**

**No. 217–350–IH.**

United States District Court
C. D. California.

Nov. 7, 1967.

Sidney H. Wyse and Henry W. Cutter, Pasadena, Cal., for bankrupt.

Myron W. Curzon, Los Angeles, Cal., for trustee.

W. A. McGugin, trustee in bankruptcy, Fresno, Cal., Referee Herschel E. Champlin, Los Angeles, Cal., for respondent.

IRVING HILL, District Judge.

## OPINION and ORDER AFFIRMING REFEREE IN PART AND RE-MANDING IN PART

This is a petition for review of an order of a Referee in bankruptcy. The bankrupt, a resident of California, is a beneficiary of a New York testamentary trust. The bankrupt is a present income beneficiary of the trust and, in addition, has a contingent remainder in the corpus. The question presented is whether, and to what extent, the bankrupt's interest in the trust has passed to the trustee in bankruptcy.

The trust in question was established by the will of a New York decedent. It has at all times been administered by a New York corporate trustee in the State of New York. The corpus includes a piece of real property in New York City. Under the trust, the bankrupt is entitled to a specified fraction of the income of the trust until her death or sooner termination of the trust. The bankrupt's annual income payments from the trust are about $12,000 per year. The trust terminates on the death of another of the named beneficiaries. If the bankrupt survives such termination, she will receive a share of the corpus and she is thus, at present, a contingent remainderman. The trust contains no spendthrift

provisions and no other restraints on alienation of income or corpus.

The trustee in bankruptcy asked the Referee to declare that he, as trustee in bankruptcy, became the owner and holder of all of the bankrupt's rights in the trust, including the contingent remainder interest and the right to receive current income. After a hearing, the Referee, by order filed March 21, 1967, held that the trustee did not succeed to, and had no rights in, the bankrupt's contingent remainder interest. He further held that the trustee would be entitled to 10% of the income from the trust payable to the bankrupt, with the bankrupt being entitled to the remaining 90%. In that connection the Referee found that the said 90% of the income was necessary for the bankrupt's living expenses.

In his petition for review, the trustee challenges each of the Referee's said holdings. The bankrupt does not challenge the holding that the trustee is entitled to 10% of the income payable to the bankrupt from the trust.

■■ I hold as follows:

1. The Referee was in error in holding that the bankrupt's contingent remainder interest did not vest in the trustee. I order that the contingent remainder interest be, and is now, vested in the trustee in bankruptcy.

2. Whether the trustee is entitled to more than 10% of the income payable to the bankrupt from the trust will depend on further factual determinations which must be made by the Referee. The case will be remanded for that purpose.

### BASIC LAW APPLICABLE TO THE CASE

Determination of what property of a bankrupt passes to the trustee in bankruptcy initially requires examination of Section 70(a) of the Bankruptcy Act [11 U.S.C. § 110(a)]. That section provides in relevant part:

"The trustee of the estate of a bankrupt * * * upon his * * * appointment and qualification, shall in turn be vested by operation of law with the title of the bankrupt as of the date of the filing of the petition initiating a proceeding under this title, *except insofar as it is to property which is held to be exempt,* to all of the following kinds of property wherever located * * *

* * * * * *

(5) property, including rights of action, which prior to the filing of the petition *he could by any means have transferred or which might have been levied upon and sold under judicial process against him, or otherwise seized, impounded, or sequestered * * *."* [Emphasis added.]

■ It is well established that interests of a bankrupt as beneficiary of a trust are "property" within § 70(a). 4 Collier, Bankruptcy 1225 (1964); Horton v. Moore, 110 F.2d 189 (6th Cir. 1940), cf. Segal v. Rochelle, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428 (1966).

It appears from § 70(a) supra, that in order for the bankruptcy trustee to be vested with title to any interest of the bankrupt in a trust, he must show

(1) that the interest involved could have been transferred *or* levied upon; *and*

(2) that the interest is not exempt.

■ What law is to be applied in deciding whether these tests have been met? It is clear that in determining whether property is "exempt" within § 70(a), the law of the domicile of the bankrupt governs. Section 6 of the Bankruptcy Act, 11 U.S.C. § 24 explicitly so provides. The trustee asserts, and the bankrupt does not deny, that the law of California, where the bankrupt is domiciled, affords no exemption for either an income interest or a contingent remainder interest in a trust. The bankrupt goes a long way toward explicitly conceding this proposition since she concedes that the Referee's order vesting 10% of the trust income in the trustee is correct. I will, therefore, assume hereinafter that the California law provides no exemption for either type of trust interest which is involved in this case.

■ It is also clear that in determining whether an interest in a trust could have been transferred or levied upon under § 70(a) (5) supra, the law of the situs of the trust governs. Spindle v. Shreve, 111 U.S. 542, 4 S.Ct. 522, 28 L.Ed. 512 (1884); Danning v. Lederer, 232 F.2d 610 (7th Cir. 1956); Thummess v. Von Hoffman, 109 F.2d 293 (3d Cir. 1940); Suskin & Berry v. Rumley, 37 F.2d 304, 68 A.L.R. 768 (4th Cir. 1930); 4 Collier, Bankruptcy 1226 (1964). New York is the situs of the instant trust and its law will govern on this question.

## STATUS OF THE BANKRUPT'S CONTINGENT REMAINDER UNDER NEW YORK LAW

■ It is established that nothing in New York law prohibits a trust beneficiary from assigning his contingent remainder interest in the corpus. Clowe v. Seavey, 208 N.Y. 496, 102 N.E. 521, 47 L.R.A.,N.S., 284 (1913); Matter of Boissevain, 40 Misc.2d 237, 239, 243 N.Y.S.2d 36 (Surr.Ct.1963); In re Jacob's Estate, 118 N.Y.S.2d 842 (Surr. Ct.1953); Matter of Brand, 156 Misc. 312, 281 N.Y.S. 548 (Sup.Ct.1935); In re Estate of Owen, 44 Misc.2d 842, 254 N.Y.S.2d 974 (Surr.Ct.1964).

■ If the contingent interest is assignable by the beneficiary, it passes to the trustee in bankruptcy whether or not that interest could be levied upon since, as above stated, it must be shown, to defeat the vesting in the trustee, that the interest is neither transferrable nor leviable. Page v. Edmunds, 187 U.S. 596, 23 S.Ct. 200, 47 L.Ed. 318 (1903). Also, as above stated, the contingent remainder is not exempt under California law. Thus the Referee erred in holding that the contingent remainder interest had not passed to the trustee and his holding in this regard is reversed.

## STATUS OF THE BANKRUPT'S RIGHT TO RECEIVE INCOME UNDER NEW YORK LAW

■ The right of a beneficiary of a New York trust to receive income is not assignable. Sarver v. Towne, 285 N.Y. 264, 34 N.E.2d 313, 315, 138 A.L.R. 1344 (1941); II Scott on Trusts, 2d Ed. § 153, p. 1077. But the beneficiary's right to income may be levied upon to the extent of a minimum of 10% thereof plus such additional part thereof as is not needed for the support of the beneficiary and his dependents.

The right to levy upon trust income stems from New York Civil Practice Law and Rules, § 5205. Subsections (d) and (e) of said section, the subsections germane to the present problem read as follows:

"(d) Trust exemption. Any property while held in trust for a judgment debtor, where the trust has been created by, or the fund so held in trust has proceeded from, a person other than the judgment debtor, is exempt from application to the satisfaction of a money judgment.

"(e) Income exemptions. The following personal property is exempt from application to the satisfaction of a money judgment, except such part as a court determines to be unnecessary for the reasonable requirements of the judgment debtor and his dependents:

"1. ninety percent of the income or other payments from a trust the principal of which is exempt under subdivision (d); * * *."

■ Section 5205 became effective in 1963 and has apparently not been specifically construed since that time on the question here presented. However, the section is derived from a number of earlier sections of New York law, Civil Practice Act, including §§ 665, 666, 667, 684, 687, 792, 793 and 1196. And the draftsmen of § 5205, in their report to the Legislature, expressly stated that no change of substance was intended in the section. N.Y.Practice and Procedure Advisory Comm.Prelim.Report #3, Legislative Document No. 17 of 1959, p. 93. Respected authors also assert that § 5205 makes no substantial change from prior law. 6 Weinstein, Korn, Miller, New York Civil Practice, pp. 52–121. The New York Court of Appeals had construed the earlier law as permitting a

levy on 10% of trust income (Sarver v. Towne, supra) and in the absence of New York authority to the contrary, I construe the successor statute similarly, i. e. as permitting a levy on a minimum of 10% (and perhaps more) of the income of a New York trust.

The trustee seizes upon the fact that the New York law has been recently changed and upon the particular wording and context of § 5205, as the basis for an ingenious argument. He argues in effect that § 5205 must be construed as an exemption statute only, not applicable to the present case because the bankrupt is a resident of California. He points out that regardless of the construction given by the New York courts to the predecessor statute, § 5205 has been placed within the general exemption statutes of New York, that subsections (d) and (e) are headed "trust exemption" and "income exemptions" respectively, and that they are phrased as exemptions. If so construed, he says, New York has no statute prohibiting levy on income from a trust and he is entitled to all of the income.

■■■■ Though imaginative, this argument must be rejected. It has been pointed out that the problem of determining whether or not a given state statute is an "exemption" statute within § 6 of the Bankruptcy Act, is a difficult problem. The Bankruptcy Act itself furnishes no guidelines. Appellate Courts have paid little attention to the problem and have likewise furnished no guidelines. See, Note, The Creditors' Rights to the Bankrupt's Assets, 52 Calif.L.Rev. 129, 130 (1964). It seems to me that the use of the word "exemption" in the heading of a statute, and where a section is placed in the statute books, are not de-

terminative.[1] The determinative factor should be what the statute does, its effect. See, Note, Bankruptcy Exemptions: Critique and Suggestions, 68 Yale L.J. 1459, 1478–80 (1959).

■■■■ I must construe § 5205 as more than an exemption statute and as having the effect of prohibiting levy upon 90% of income from a New York trust unless there is finding that some portion of the 90% is not necessary for the beneficiary and his dependents. The predecessor statutes were so construed in Sarver v. Towne, supra. In *Sarver* the bankrupt trust beneficiary was a resident of Connecticut,[2] and the statute would not have applied if it were only an exemption statute. Despite the bankrupt being a resident of another state, the New York Court held that the predecessor section was a statute dealing with leviability of trust interests and applicable to the case as part of the law of the situs of the trust. In the absence of New York authority to the contrary, and in view of the authority, cited supra, asserting that § 5205 worked no substantial change in the law as it existed previously, I construe § 5205 consistently with the construction given to its predecessor sections and as being more than an exemption statute, although it may also define "exemptions" for New York residents.

■■■■ The trustee makes another interesting argument concerning § 5205. He contends that even if it prohibits levy on the interests of income beneficiaries of New York trusts, it should be construed as applying only to, and protecting only, beneficiaries of New York trusts who are themselves New York residents. This argument appears to have been rejected in Sarver v. Towne, supra, in which the predecessor law was

1. See Garber v. Bankers' Mortgage Co., 27 F.2d 609 (D.Kan.1928) holding that even characterization of a state statute as an "exemption" statute by the highest court of the state is not necessarily binding on a federal court in a bankruptcy context.

2. The fact that the bankruptcy proceeding was a Connecticut proceeding and the trustee was a Connecticut trustee (with

the bankrupt apparently being a citizen of Connecticut) does not appear in the New York Court of Appeals opinion cited supra. These facts do appear in other New York decisions involving the same bankruptcy. In Matter of Sherman, Trustee of Bankrupt Estate of Towne, etc., 278 N.Y. 597, 16 N.E.2d 117 (1938); Sarver v. Towne, 260 App.Div. 615, 23 N.Y.S.2d 700 (1940).

made applicable to a resident of Connecticut. Again, in the absence of New York authority to the contrary, I will construe § 5205 consistently with the construction given to its predecessor sections by the New York courts, as protecting beneficiaries of New York trusts whether or not they are residents of the State of New York.

Thus, the Referee in the instant case made the correct legal holding when he decided that the trustee in bankruptcy was entitled to 10% of the bankrupt's income from the trust accruing on and after the date of bankruptcy, plus any portion of the remaining 90% which is not needed for the reasonable requirements of the bankrupt and his dependents. But I am not sure that the Referee's finding of fact on this subject can be affirmed. The Referee found that "the bankrupt is without funds and the amounts necessary for her support and her reasonable requirements are 90% of the income which has become distributable and which hereafter will become distributable * * *" (Finding VII). The trustee challenges this finding as being unsupported by any evidence. The bankrupt contends that evidence to support this finding is contained in her "Further Answers to Interrogatories" filed February 16, 1967, which goes into some detail as to the bankrupt's income and expenses and the ability of her husband to support her. The bankrupt claims that this document was introduced into evidence before the Referee. The trustee denies that the document was so introduced and the transcript appears to support the trustee's position, since it contains no clear reference to the introduction of this document in evidence. Because of that dispute, the matter will be remanded to the Referee. If the Referee is of the opinion that the said document was properly introduced in evidence, he may desire to correct or supplement the transcript so to show. If the Referee has any doubt on whether the document was in evidence before him, the Referee may reopen the proceedings for the limited purpose of receiving the document and such other evidence as may be offered on the question, after which a new finding on the question will be required. It would seem that the burden of proof on this issue is on the bankrupt. 6 Weinstein, Korn, Miller, supra, § 5205.24, pp. 52–158.

If a new finding is made, the Referee should note that the New York statute permits him to consider the reasonable requirements of both the bankrupt and her dependents. No mention is made of dependents in the finding now before me. Any new finding should include whether dependents exist and, if so, what the reasonable requirements of both the bankrupt and her dependents are.

### MISCELLANEOUS

The trustee makes one additional argument which deserves passing reference. He argues that because the Referee approved the Trustee's Report of Exemptions which did not list any interests in the trust as exempt, the Referee is now estopped from allowing the bankrupt to retain any interest in the trust. The trustee fails to distinguish between property which does not pass to the trustee because it is not transferrable and not subject to levy under § 70(a) of the Bankruptcy Act, and property which does not pass to the trustee because the laws of the state of the bankrupt's domicile make the particular property exempt under § 6 of the Bankruptcy Act. The instant property does not fall under § 6. Only property which does fall under § 6 was required to be listed in the Trustee's Report of Exemptions. Thus there can be no question of *res judicata* or estoppel.

The matter is remanded to the Referee for further proceedings not inconsistent with this opinion and order. The Clerk shall serve copies of this Opinion and Order, by United States mail, this date, on all parties to this action, and on the Referee.