OPINION OF THE COURT
John D. Bennett, J.
This is a will contest by two daughters of the decedent who have demanded a jury trial. Proponent has submitted an order framing issues together with a motion for an order directing the trial of the framed issues to be held on a day certain and that a citation be issued and served upon the trustee in bankruptcy of the contestant Mary Sorley as a person interested in the estate. Counsel for contestants has submitted an affidavit in which he joins in petitioner’s request for trial on a day certain but opposes the making of contestant’s trustee in bankruptcy as a party to the proceeding. Contestants do not oppose the order framing issues.
SCPA 103 (subd 36) defines a person interested as any person entitled either absolutely of contingently to share as a beneficiary in the estate. It specifically states that a creditor is not deemed a person interested. Research by the court fails to reveal any reported case in New York involving a determination as to whether a trustee in bankruptcy of a legatee or *1091 distributee is a person interested in the estate. Pursuant to section 110 of title 11 of the United States Code, all property of a bankrupt except exempt property "which vests in the bankrupt within six months after bankruptcy by bequest, devise or inheritance shall vest in the trustee and his successor or successors, if any, upon his or their appointment and qualification, as of the date when it vested in the bankrupt, and shall be free and discharged from any transfer made or suffered by the bankrupt after bankruptcy.”
Subdivision (e) of rule 108 of the Bankruptcy Rules requires the bankrupt to file within 10 days after information comes to his knowledge a supplemental schedule showing the facts regarding "(1) any property that vests in him by bequest, devise, or inheritance within 6 months after bankruptcy”. The moving papers do not reveal whether the contestant filed the bankruptcy petition prior or subsequent to the date, of the decedent’s death. The trustee in bankruptcy, an attorney in Virginia, by letter dated February 27, 1978 addressed to petitioner’s attorney and annexed to the moving papers, demands that any funds owing to the bankrupt be paid to him as trustee and because the bankrupt’s estate lacks funds, he does not intend to appear in this proceeding.
A trustee in bankruptcy is similar to a receiver appointed pursuant to CPLR 5228 (subd [a]) in a proceeding to enforce a judgment except that a receiver is appointed to take possession of specifically enumerated property whereas a trustee is entitled to take possession of all of the property.
In Matter of Pallonetti (48 Misc 2d 814) the Surrogate held that a receiver in a supplementary proceeding (now a proceeding to enforce a money judgment) of a legatee named in the will was a person interested in the estate who could compel an accounting by the executor. The court stated that the interest of the judgment debtor-legatee in the estate is property which he could assign and passes by operation of law to a receiver duly appointed in the supplementary proceeding. See Matter of Owen (44 Misc 2d 842) and EPTL 7-1.5 as to trusts.
Making the trustee in bankruptcy a party will keep him informed of this proceeding. He will be advised of any proposed compromise agreement, avoiding the situation that arose in Matter of Harrison (44 AD2d 380, affd 36 NY2d 996) in which a compromise agreement between certain beneficiaries and creditors, which provided for payment contrary to the provisions of the will, was set aside upon application of *1092 legatees who had defaulted and were not apprised of the stipulation.
Accordingly, the order framing issues will be signed if found to be in proper form. Petitioner is directed to submit a citation to be served upon the contestant’s trustee in bankruptcy by certified mail pursuant to SCPA 307. The hearing on the framed issues will be held on June 5, 1978 at 9:30 a.m.