OPINION OF THE COURT
John D. Bennett, J.
This is a proceeding by a judgment creditor of a legatee named in testator’s last will and testament, for an order pursuant to SCPA 2102 directing the executors to furnish her with information concerning the interest of the legatee in the estate.
Counsel for the executors move for an order dismissing the petitioner’s motion pursuant to CPLR 3211 (subd [a], par 8) on the ground that (1) the order to show cause was not personally served upon a fiduciary, and (2) that the petitioner is not a *121 person interested in the estate of the decedent entitled to such information.
In support of the application, petitioner’s counsel recites the numerous attempts to serve the fiduciary with process and his avoidance of the same in the proceeding to enforce collection of the judgment against the legatee. The process server in his affidavit of service of the order to show cause alleges, and it is not denied by respondent Bartholomew J. Turecamo, that when service was attempted upon said respondent, who identified himself, he refused to open the door to enable the process server to hand him the order to show cause. The process server then left the papers on the doorstep in view of respondent.
Service cannot be avoided by the refusal of the respondent to open the door to enable the process server to hand him the papers (Buscher v Ehrich, 12 AD2d 887; Chernick v Rodriguez, 2 Misc 2d 891 [both cited with approval in McDonald v Ames Supply Co., 22 NY2d 111, 115]). The court has in personam jurisdiction of the respondent.
Respondent’s claim of a lack of jurisdiction of the subject matter is more serious. Petitioner, as a creditor of a legatee, is not such an interested party in an estate as to enable her to invoke the assistance of this court (SCPA 103, subd 36; Matter of Talbott, 93 Misc 2d 1090). If petitioner were appointed receiver in a proceeding to enforce a money judgment against a legatee named in the will, as receiver she could compel an accounting (Matter of Pallonetti, 48 Misc 2d 814; Matter of Talbott, supra; see, also, Matter of Tibavido, Surrogate’s Ct, Nassau County, Jan. 4, 1978, Bennett, J.).
Accordingly, the respondents’ motion to dismiss the petitioner’s proceeding for want of jurisdiction over the subject matter is granted without prejudice to an application by her following her appointment as receiver.